## Esbenshade, Appellant, *v.* Esbenshade.

*Evidence—Suit against decedent's estate — Loan — Promissory note—Endorsement—Consideration—Declarations of decedent.*

1. In an action against the estate of a decedent to recover an alleged loan, the mere fact that deceased endorsed a note made by plaintiff, the proceeds of which were paid to a third person, is not sufficient to sustain a recovery, where there is no proof that decedent received any benefit therefrom.

2. In such case declarations of decedent not made to plaintiff, and not based upon any apparent consideration, are inadmissible in evidence.

3. Bad advice as to an investment creates no legal liability, when such advice is honestly given.

Argued May 14, 1923.   Appeal, No. 293, Jan. T., 1923, by plaintiff, from judgment of C. P. Lancaster Co., March T., 1922, No. 14, for defendant n. o. v., in case of Peter B. Esbenshade v. E. Jean Esbenshade, executrix of will of Christian B. Esbenshade, deceased.   Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit for loan.   Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff.   Judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Willis G. Kendig,* with him *Charles E. Workman,* for appellant.

*William C. Rehm,* for appellee.

PER CURIAM, June 23, 1923:

Plaintiff's appeal from judgment entered for defendant n. o. v. cannot be sustained. Peter B. Esbenshade, the plaintiff, and Christian B. Esbenshade, defendant's testator, were brothers and the former's claim is in effect for a loan of $5,950, alleged to have been made to the deceased in 1907. A fatal defect in plaintiff's case is lack of evidence of the loan. True, plaintiff was the maker and Christian the endorser of a note for that amount discounted at the bank, the proceeds of which were paid to one William L. Kendig, but there is no proof that the deceased received any benefit therefrom. The note was renewed from time to time until 1909, when Christian's name was dropped and another brother became the endorser until plaintiff paid the note in 1910. It is the latter's theory that the proceeds of the note were used in the purchase of stock in the National Scale and Hardware Company, but there is no sufficient evidence of such purchase, or, assuming there was, that it was made by or for Christian; while payment of the note by plaintiff without, so far as appears, making any claim for reimbursement until after Christian's death in 1921, strongly tends to discredit the theory of a loan. The loose declarations by Christian to plaintiff's son and other third parties, expressing an intention to repay plaintiff, are insufficient to establish a legal liability, in the absence of proof of an indebtedness.

There is some evidence that Christian advised plaintiff to buy stock in the National Scale and Hardware Company, which stock became worthless, and it is just as probable the alleged declarations by Christian were the expression of an intent to compensate plaintiff for such loss as that they referred to a loan. If so, they would

create no legal liability, as no one is under even a moral obligation for a loss resulting from his bad advice if honestly given: Martin's Est., 131 Pa. 638; and see Rask v. Norman, 17 Am. Law Reports Annotated (Minn.), 1296 and note 1299, 1316.

Furthermore, the alleged declarations were not made to plaintiff nor based upon any apparent consideration, and the trial court properly refused to permit a recovery against a dead man's estate upon such insufficient evidence.

It is unnecessary to consider the question as to the statute of limitations.

The judgment is affirmed.